KING CONSTRUCTION, INC., Plaintiff Below, Appellant,
v.
PLAZA FOUR REALTY, LLC, Defendant Below, Appellee.
Nos. 547, 548, 2008
Supreme Court of Delaware.
Submitted: November 26, 2008.
Decided: December 19, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 19th day of December 2008, it appears to the Court that: (1) On October 29, 2008, plaintiff-below/appellant, King Construction, Inc. ("King"), petitioned this Court, pursuant to Supreme Court Rule 42 ("Rule 42"), to accept an interlocutory appeal from a Superior Court decision.[1] King's interlocutory appeal was assigned No. 547, 2008. By separate notice filed on the same day, King appealed the decision pursuant to Supreme Court Rule 6.[2] King's second appeal was assigned No. 548, 2008.
(2) The Superior Court's decision of September 29, 2008, which forms the basis of King's appeals, dismissed a mechanic's lien that was filed by King against one of several defendants. In the interest of judicial economy, the appeals have been consolidated for decision.
(3) An application for interlocutory review is addressed to the sound discretion of this Court and is granted only in extraordinary circumstances. In the exercise of its discretion, this Court has concluded that the application for interlocutory review in appeal No. 547, 2008 does not meet the requirements of Rule 42 and should be refused.
(4) On October 30, 2008, the Clerk issued a notice directing that King show cause why appeal No. 548, 2008 should not be dismissed as interlocutory. King was directed to include in its response whether the order appealed from was entered pursuant to Superior Court Civil Rule 54(b). In response to the notice to show cause, King indicated that the September 29 decision was not entered pursuant to Rule 54(b).
(5) In the Superior Court, a civil action involving multiple claims and/or multiple parties, does not become final until the entry of the last judgment that resolves all claims as to all parties unless an interlocutory ruling as to a claim or party is certified pursuant Rule 54(b). In this case, in the absence of a certification pursuant to Rule 54(b), appeal No. 548, 2008 must be dismissed as an interlocutory appeal that was not taken in compliance with Rule 42. Our holding in appeal No. 548, 2008 does not preclude the Superior Court from determining, upon appropriate application, whether a final judgment should be entered pursuant to Rule 54(b).
NOW, THEREFORE, IT IS HEREBY ORDERED that, pursuant to Supreme Court Rules 42 and 29(b), appeal No. 547, 2008 is REFUSED and appeal No. 548, 2008 is DISMISSED.
NOTES
[1] King's petition included as an exhibit the Superior Court's October 14, 2008 denial of the application for certification of an interlocutory appeal.
[2] King explained that it was filing dual appeals "out of an abundance of caution" in the event the Court determined that the appeal was from a final rather than an interlocutory decision.